UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN JACOBSON and MICHAEL KALAROFF, her husband | Civil Action No. 11-cv-01160 (AET) (DEA) |
| Plaintiff(s) | Hon. Douglas E. Arpert |
| v. | **JOINT PROPOSED DISCOVERY PLAN** |
| SYNTHES, INC., et al. | |
| Defendant(s) | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   Erik Anderson, Esq.
   REARDON ANDERSON LLC
   55 Gilbert Street North
   Suite 2204
   Tinton Falls, New Jersey 07701
   T. 732-758-8070
   F. 732-758-8071
   *Attorneys for Plaintiffs*

   David M. Covey, Esq.*
   Jeffrey Dillon, Esq.
   SEDGWICK, DETERT, MORAN & ARNOLD LLP
   125 Broad Street
   39th Floor
   New York, NY 10036
   T. 212-422-0202
   F. 212-422-0925
   *Attorneys for Defendant Synthes USA SALES, LLC, i/s/h/a Synthes, Inc.*
   *\* pro hac vice admission application pending*

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   Plaintiff alleges personal injury (and related loss of consortium claim) in a products liability action involving a prescription medical device.

3. Have settlement discussions taken place? Yes _____ No __X__

   (a) What was plaintiff's last demand?

   (1) Monetary demand: $_____

   (2) Non-monetary demand: $____

1

   (b) What was defendant's last offer?

     (1) Monetary offer: $_____

     (2) Non-monetary offer: $_____

4. The parties [have __X__ have not ____] met pursuant to Fed. R. Civ. P. 26(f):

5. The parties [have ____ have not __X__] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

  Pursuant to Fed. R. Civ. P. 26(a)(1)(C), time for Initial Disclosures has not yet expired. Parties intend to exchange Initial Disclosures timely.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

  None

7. The parties [have ____ have not __X__] conducted discovery other than the above disclosures. If so, describe.

8. Proposed joint discovery plan:

 (a) Discovery is needed on the following subjects:

  Fact and expert discovery is required regarding plaintiff's allegations of injuries and the allegedly defective prescription medical device.

 (b) Discovery [should __X__ should not ____] be conducted in phases or be limited to particular issues. Explain.

  In cases involving complex medical issues necessitating expert discovery, parties request that fact discovery precede expert discovery

 (c) Proposed schedule:

  (1) Fed. R. Civ. P. 26 Disclosures <u>May 16, 2011</u>

  (2) Discovery conference pursuant to L. Civ. R. 26.1(d) _____

  (3) Service of initial written discovery <u>June 2, 2011</u>

  (4) Maximum of __25__ Interrogatories by each party to each other party.

        (5) Maximum of __5__ fact depositions to be taken by each party.

        (6) Motions to amend or to add parties to be filed by <u>June 15, 2011</u>

        (7) Factual discovery to be completed by <u>November 2, 2011</u>

        (8) Plaintiff's expert report due on <u>December 2, 2011</u>

        (9) Defendant's expert report due on <u>January 9, 2012</u>

        (10) Expert depositions to be completed by <u>February 20, 2012</u>

        (11) Dispositive motions to be served within __45__ days of completion of discovery.

  (d)    Set forth any special discovery mechanism or procedure requested.

  (e)    A pretrial conference may take place on <u>May 1, 2012</u>.

  (f)    Trial date: <u>  May 19, 2012  </u> ( _X_ Jury Trial; _____ Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes____ No _X_ . If so, please explain.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes____ No _X_ .

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L. Civ. R. 5.3(b) and Appendix S.

    Yes.

12. Do you anticipate any discovery problem(s) not listed above? Describe.
    Yes _____ No _X_

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise).

If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

The parties and/or their counsel are sophisticated and experienced. Should there be interest on the part of both parties to pursue settlement discussions, such discussions can be held between the parties with possible mediation also to be considered in the event that both parties agree.

14. Is this case appropriate for bifurcation? Yes \_\_\_\_\_ No \_\_X\_\_

15. An interim status/settlement conference (with clients in attendance), should be held in

16. We [do \_\_\_\_ do not \_\_X\_\_] consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

_____
Attorney(s) for Plaintiff(s) / Date

_____[signature]_____ 4/25/11___
Attorney(s) for Defendant(s) / Date

4